UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re | ) |
|  | ) |
|  | ) Case No. 20-10712 |
| Olinda Star Ltd., | ) |
|  | ) |
| Debtor in a Foreign Proceeding. | ) Chapter 15 |
|  | ) |

**ORDER GRANTING VERIFIED PETITION FOR RECOGNITION OF BVI PROCEEDING AND REQUEST FOR RELIEF PURSUANT TO 11 U.S.C. §§ 105(A), 1507(A), 1521(A), AND 1525(A)**

Upon the Petitioner's Declaration and Verified Petition for Recognition of the BVI Proceeding and Motion for Order Granting Related Relief (the "Verified Petition")[1] [ECF No. 2] dated March 6, 2020, Eleanor Fisher (the "Petitioner" or the "Foreign Representative"), in her capacity as the duly-authorized foreign representative of the BVI Proceeding (as defined below) of the above-captioned debtor (the "Debtor"), requesting this Order (the "Order") (a) granting the Verified Petition and recognizing the Debtor's BVI joint provisional liquidation proceeding (the "BVI Proceeding") and the Debtor's BVI scheme of arrangement (the "BVI Scheme") pending before the BVI Commercial Court (the "BVI Court") pursuant to section 170 of the BVI Insolvency Act, 2003 (the "BVI Act") of the laws of the British Virgin Islands (the "BVI"), as the foreign main proceeding for the Debtor pursuant to section 1517 of title 11 of the United States Code (the "Bankruptcy Code"), and all relief included therewith as provided in section 1520 of the Bankruptcy Code; (b) recognizing the Petitioner as the foreign representative, as defined in section 101(24) of the Bankruptcy Code, of the BVI Proceeding for the Debtor; (c) giving full force and effect and granting comity in the United States to the BVI Scheme and the BVI Sanction Order

---

[1] Capitalized terms used but not otherwise defined shall have the meanings ascribed to them in the Verified Petition.

and (d) granting such other and further relief as the Court deems just and proper; and it appearing that this Court has jurisdiction to consider the Verified Petition pursuant to sections 157 and 1334 of title 28 of the United States Code and the Amended Standing Order of Reference dated January 31, 2012, Reference M-431, *In re Standing Order of Reference Re:  Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 1, 2012) (Preska, C.J.) (the "Amended Standing Order"); and this being a core proceeding pursuant to section 157(b)(2)(P) of title 28 of the United States Code; and venue for this proceeding being proper before this Court pursuant to section 1410 of title 28 of the United States Code; and this Court having reviewed (i) the Form of Voluntary Petition, (ii) the Verified Petition, along with the exhibits annexed thereto, and (iii) the *Declaration of Grant Carroll Pursuant to 28 U.S.C. § 1746* (the "BVI Counsel Declaration") filed herewith, along with the exhibits annexed thereto, and (iv) the statements of counsel with respect to the Verified Petition at a hearing before this Court (the "Hearing"); and appropriate and timely notice of the filing of the Verified Petition and the Hearing having been given; and no other or further notice being necessary or required; and this Court having determined that the legal and factual bases set forth in the Verified Petition, the BVI Counsel Declaration, and all other pleadings and papers in this case establish just cause to grant the relief ordered herein; and after notice and a hearing and due deliberation thereon;

THIS COURT HEREBY FINDS AND DETERMINES THAT:

A.    The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as

2

such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

      B.      This Court has jurisdiction to consider this matter pursuant to sections 157 and 1334 of title 28 of the United States Code, and the Amended Standing Order. This is a core proceeding pursuant to section 157(b)(2)(P) of title 28 of the United States Code. Venue for this proceeding is proper before this Court pursuant to section 1410 of title 28 of the United States Code.

      C.      The Petitioner is the duly appointed "foreign representative," within the meaning of section 101(24) of the Bankruptcy Code, of the BVI Proceeding with respect to the Debtor.

      D.      This chapter 15 case was properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

      E.      The Petitioner has satisfied the requirements of section 1515 of the Bankruptcy Code, Bankruptcy Rules 1007(a)(4), 2002(q) and 7007.1, and Rules 2002-4 and 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

      F.      The BVI Proceeding is a "foreign proceeding" pursuant to section 101(23) of the Bankruptcy Code.

      G.      The BVI Proceeding is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

      H.      The center of main interests ("COMI") of the Debtor is in the BVI. Accordingly, the BVI Proceeding is the "foreign main proceeding" of the Debtor, as that term is defined in section 1502(4) of the Bankruptcy Code, and is entitled to recognition as such pursuant to section 1517(b)(1) of the Bankruptcy Code.

      I.      The relief granted hereby is necessary and appropriate to effectuate the purposes and objectives of chapter 15 and to protect the Debtor, its creditors and other parties in interest.

J.     The relief granted hereby: (i) is necessary and appropriate in the interests of the public and international comity; (ii) is consistent with the public policy of the United States; (iii) is available and warranted pursuant to sections 105(a), 1507(a), 1521(a), and 1525(a) of the Bankruptcy Code; and (iv) will not cause the Debtor's creditors or other parties in interest any hardship that is not outweighed by the benefits of granting the relief herein.

K.     Absent the relief requested, the Debtor may be subject to the prosecution of judicial, quasi-judicial, arbitration, administrative or regulatory actions or proceedings in connection with a claim against the Debtor thereby interfering with, and causing harm to, the Debtor, its creditors, and other parties in interest in the BVI Proceedings and, as a result, the Debtor, its creditors, and such other parties in interest would suffer irreparable injury for which there is no adequate remedy at law.

L.     Appropriate notice of the filing of and the Hearing on the Verified Petition was given, which notice is deemed adequate for all purposes, and no other or further notice need be given.

For all of the foregoing reasons, and for the reasons stated by the Court at the Hearing and reflected in the record thereof, and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.     The relief requested in the Verified Petition is granted.

2.     The Petitioner is the duly appointed foreign representative of the BVI Proceeding with respect to the Debtor, within the meaning of section 101(24) of the Bankruptcy Code, and is authorized to act on behalf of the Debtor in this Chapter 15 Case.

3. Notwithstanding Bankruptcy Rule 7062, made applicable to this chapter 15 proceeding by Bankruptcy Rule 1018, this Order shall be immediately effective and enforceable upon its entry, and upon its entry, shall be final and appealable as contemplated by 28 U.S.C. § 158(a).

4. The BVI Proceeding is granted recognition as the foreign main proceeding of the Debtor pursuant to section 1517 of the Bankruptcy Code.

5. All relief and protection afforded foreign main proceedings under section 1520 of the Bankruptcy Code is hereby granted to the BVI Proceeding, the Debtor, the Debtor's property located in the United States, and the Foreign Representative, as applicable, including application of the section 362 stay to bar actions against the Debtor and/or property of the Debtor located within the territorial jurisdiction of the United States.

6. The BVI Scheme and the BVI Sanction Order and all annexes thereto and subject to all terms, conditions and limitations set forth therein, are hereby recognized, granted comity and given full force and effect within the territorial jurisdiction of the United States.

7. All entities (as that term is defined in section 101(15) of the Bankruptcy Code) subject to this Court's jurisdiction are permanently enjoined from (i) commencing, continuing or taking any action that is in contravention with or would interfere with or impede the administration, implementation or consummation of the BVI Scheme, the BVI Sanction Order or the terms of this Order, and (ii) taking any action, including, without limitation, commencing or continuing any action or legal proceeding (including, without limitation, bringing suit in any court, arbitration, mediation, or any judicial or quasi-judicial, administrative or regulatory action, proceeding or process whatsoever), and including action by way of counterclaim, and from seeking discovery of any nature related to the foregoing, (A) to recover or offset any debts, obligations or claims that

are extinguished, novated, cancelled, discharged or released under the BVI Scheme, the BVI Sanction Order, or as a result of BVI law, against the Debtor or any of its property located in the territorial jurisdiction of the United States, and (B) against the Directed Parties,[2] or any of their respective successors, assigns, agents, representatives, officers, directors, advisors or attorneys, in respect of any claim or cause of action arising out of or relating to any action taken or omitted to be taken by any of them in connection with the BVI Proceeding, the BVI Scheme, the BVI Sanction Order, this chapter 15 proceeding, this Order or the restructuring implemented by the BVI Scheme, except for any liability arising from any action or inaction constituting gross negligence, fraud or willful misconduct as determined by this Court.

8.  The Directed Parties are directed, and the Debtor is authorized, to take any and all lawful actions that may be necessary to give effect to and implement the BVI Scheme and consummate the transactions contemplated thereunder, subject to the terms and conditions of the documents under which they have or will be appointed to act.

9.  Wilmington Trust, in its capacity as indenture trustee for the Prior 2024 Notes and the Restructured 2024 Notes, is authorized to take the following actions, including on the records of DTC, Euroclear and Clearstream: (i) cancel the Prior 2024 Notes Guarantee and related security over the assets granted by the Debtor and over the shares of the Debtor; (ii) direct DTC to cancel and release the dollar-for-dollar escrow position (CUSIP Nos. 747ESCAA9 and L78ESCAA5) established at DTC in respect of claims of the Prior 2024 Notes; (iii) terminate all obligations under the Existing Notes Indenture and the Prior 2024 Notes; and (iv) allow the Debtor to accede

---

[2] Collectively, the Directed Parties are (i) Eleanor Fisher in her capacity as joint provisional liquidator of the Debtor and scheme administrator of the BVI Scheme; (ii) Paul Pretlove in his capacity as joint provisional liquidator of the Debtor; (iii) Wilmington Trust, National Association ("Wilmington Trust"), in its capacity as the indenture trustee of the Prior 2024 Notes, the Restructured 2024 Notes and as indenture trustee under the Prior 2024 Notes Indenture and the New Indentures; (iv) the Depository Trust Company ("DTC") in its capacity as record holder of the Prior 2024 Notes and the Restructured 2024 Notes; (iv) Euroclear Bank S.A./N.V. ("Euroclear") and Clearstream Banking, société anonyme ("Clearstream"); and (vi) D.F. King & Co., Inc. in its capacity as information agent.

to the Participating Notes Indenture, the Stub Notes Indenture and the Non-Participating Notes Indenture (together, the "New Indentures") in accordance with the terms set out therein and become a guarantor under the Restructured 2024 Notes pursuant to the terms of the guarantee set forth in each of the foregoing indentures (the "New 2024 Notes Guarantee").  The Debtor is directed to provide commercially reasonable cooperation to the Directed Parties for completion of such actions.  Upon such cancellation, Wilmington Trust, in its capacity as trustee, transfer agent, paying agent and registrar under the Prior 2024 Notes shall thereafter have no further obligations under the Prior 2024 Notes, provided however, that any provisions that survive discharge under the terms of the Prior 2024 Notes shall continue in effect as provided thereunder unless modified and/or discharged by this Order, the BVI Scheme and/or BVI law.  All rights, remedies and indemnities under Prior 2024 Notes shall survive cancellation of any 2024 Notes or any related documentation to the extent necessary to implement and enforce cancellation of the Prior 2024 Notes Guarantee.

10. Wilmington Trust, in its capacity as indenture trustee of the Restructured 2024 Notes, is authorized to deliver the New 2024 Notes Guarantee and any other related documentation to be distributed by the Debtor and its affiliates as required by the New Indentures, and take all other actions reasonable and necessary to ensure that creditors receive such documents.

11. As a condition precedent to the cancellation of the Prior 2024 Notes Guarantee, the Debtor (or the Constellation Group on behalf of the Debtor) shall pay the reasonable and documented fees, costs and expenses of Wilmington Trust (including, but not limited to, Wilmington Trust's U.S. and BVI attorneys' fees, costs and expenses) incurred in its capacities as indenture trustee for the Prior 2024 Notes and the Restructured 2024 Notes: (i) in connection with the BVI Proceeding, this Chapter 15 Case and in connection with the implementation of the

transactions provided for in the BVI Scheme and this Order, in cash on or before the effective date of the BVI Scheme and (ii) reimburse Wilmington Trust for any future reasonable and documented fees, costs and expenses that it incurs (including Wilmington Trust's U.S. and BVI attorneys' fees, costs and expenses) in connection with the implementation of the BVI Scheme and this Order as and when required by the New Indentures.

12. DTC is directed to cancel and release the dollar-for-dollar escrow position (CUSIP Nos. 747ESCAA9 and L78ESCAA5) established at DTC in respect of claims of the Prior 2024 Notes.

13. The Directed Parties and their respective successors, assigns, agents, representatives, officers, directors, advisors and attorneys are exculpated and released from any liability for any action or inaction taken in furtherance of and/or in accordance with this chapter 15 case, this Order, the BVI Sanction Order, the BVI Proceeding and the BVI Scheme, except for any liability arising from any action or inaction constituting gross negligence, fraud or willful misconduct as determined by this Court.

14. The Foreign Representative is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order and is authorized and empowered and may in her discretion and without further delay take any action and perform any act necessary to implement and effectuate the terms of this Order.

15. No action taken by the Foreign Representative in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of the BVI Proceeding, the BVI Scheme or any order entered in this chapter 15 case shall be deemed to constitute a waiver of the immunity afforded the Foreign Representative pursuant to sections 306 and 1510 of the Bankruptcy Code.

16. A copy of this Order, confirmed to be true and correct, shall be served by the Foreign Representative within seven business days of entry of this Order by facsimile, electronic mail or overnight express delivery on the Notice Parties, and such service shall be good and sufficient service and adequate notice for all purposes.

17. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, enforcement, amendment or modification of this Order.

**IT IS SO ORDERED.**

Dated:  April 3, 2020
        New York, New York

                                           **/s/ Martin Glenn**
                                           MARTIN GLENN
                                  United States Bankruptcy Judge